# IN THE COUNTY COURT OF LEE COUNTY, MISSISSIPPI

**NANCY PANNELL & ASH PANNELL**                    **PLAINTIFFS**

**VS.**                                             **CAUSE NO. CV2015-000360**

**STATE AUTO INSURANCE COMPANIES**                 **DEFENDANT**

## FIRST AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Nancy Pannell and Ash Pannell, by and through counsel, and file this Complaint against the Defendant, State Auto Insurance Companies, pursuant to the *Mississippi Rules of Civil Procedure* and would show unto this Court the following:

### JURISDICTION AND VENUE

**I.**

The Plaintiffs, Nancy Pannell and Ash Pannell, are adult resident citizens of Lee County, Mississippi, residing at 114 Deer Creek Drive, Saltillo, Mississippi 38866.

**II.**

The Defendant, State Auto Insurance Companies, (hereinafter "State Auto") is a foreign corporation transacting business in the State of Mississippi with a corporate headquarters address of 518 East Broad Street, Columbus, Ohio 43215 and may be served with process, pursuant to Miss. Code Ann. Sec 83-21-1, by service on the Mississippi Insurance Commissioner, P.O. Box 79, Jackson, Mississippi 39205-0079.

**III.**

This cause of action arose out of a motor vehicle accident occurring within Lee County, Mississippi, where jurisdiction and venue are proper.

49711.WPD

IV.

This Court has jurisdiction over the parties and subject matter related to this cause.

## BACKGROUND HISTORY

V.

On February 8, 2015, Plaintiff, Ash Pannell, was driving south on Gloster Street in Lee County, Mississippi. Around 8:03 p.m., Michael Mclaughlin, who was also driving south on Gloster Street, hit Ash in the rear of the vehicle he was operating knocking him into a another vehicle. Ash was rescued by a emergency medical response unit and treated for his injuries. The 2003 Mazda Truck being operated by Ash was destroyed. The truck is titled in the name of Nancy Pannell, who is Ash's mother.

VI.

Ash suffered injuries to his head and foot and was treated in Tupelo, Mississippi at North Mississippi Medical Center. Currently, he still suffers pain from his injuries which were caused by this accident. His medical totals exceed approximately ten thousand dollars ($10,000.00).

## CLAIMS PROCESS

VII.

A. Michael Mclaughlin is an uninsured motorist and has no insurance carrier.

B. Plaintiffs have made a claim under their uninsured motorist coverage with Defendant, State Auto. The policy limits of said uninsured motorist coverage are as follows:

49711.WPD

Bodily Injury
$100,000.00 each person
$300,000.00 each accident
Property Damage
$100,000.00 each accident

C. State Auto provided Plaintiffs with an offer of $4,411.35 for the value of the 2003 Mazda B3000 4x2 DS Cab Plus. (A copy of State Auto's report on said vehicle is attached hereto marked Exhibit "A".)

D. State Auto Insurance contends that the title to the 2003 Mazda B3000 4x2 DS Cab Plus is a "salvage" title.

E. Plaintiffs contend that the value of the 2003 Mazda B3000 4x2 DS Cab Plus is $7,839.00. (A copy of the Kelley Blue Book report is attached hereto marked Exhibit "B.")

F. Plaintiffs have provided State Auto proof that the title is not in fact a "salvage" title. (A copy of the Certificate of Title is attached hereto marked Exhibit "C" and a copy of the State of Mississippi master record report is attached hereto as Exhibit "D".)

G. Plaintiffs have attempted on numerous occasions to negotiate a settlement in this matter.

VIII.

As of the filing of this Complaint, State Auto has neither denied the claim nor tendered payment on the claim.

IX.

The Plaintiffs have lost means of transportation and is unable to purchase a replacement vehicle due to State Auto's unreasonable delay in this matter and same continues to financially prejudice Plaintiffs.

49711.WPD

## THEORIES OF LIABILITY

### COUNT I.

### UNREASONABLE DELAY

**X.**

Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs one (I) through twelve (IX).

**XI.**

The Plaintiffs allege that the Defendant owed a duty to the Plaintiffs to properly investigate and make a reasonable and timely determination of compensation for the property damage in this matter.

**XII.**

The aforementioned breach by the Defendant is a willful, wanton and malicious wrong and/or was acted with gross and reckless disregard for the insureds' rights. The Defendant should be lawfully and duly punished for their conduct and action in this matter. Punitive damages would be appropriate in this matter to punish the wrong doer and to deter similar misconduct in the future by the Defendant and others.

### COUNT II.

### BREACH OF CONTRACT

**XIII.**

Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs one (I) through twenty (XII).

49711.WPD

### XIV.

The Plaintiffs allege that the Defendant, State Auto, owed a duty to the Plaintiffs to properly and promptly pay the insurance claims which were associated with the insurance policy.

### XV.

The Defendant, State Auto, has failed to pay the insurance claim which was filed and associated with the insurance policy regarding the aforementioned automobile wreck.

### XVI.

The Defendant, State Auto, lacks a reasonable basis to deny said claims.

### XVII.

This aforementioned breach by the Defendant, State Auto, is a willful, wanton and malicious wrong and/or the Defendant acted with gross and reckless disregard for the insureds' rights. The Defendant should be lawfully and duly punished for its conduct and action in this matter. Punitive damages would be appropriate in this matter to punish the wrong doer and to deter similar misconduct in the future by the Defendant and others.

### COUNT III.
### BREACH OF FAITH AND FAIR DEALING

### XVIII.

Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs one (I) through twenty-four (XVII).

### XIX.

The Defendant owed the Plaintiffs an implied duty of good faith and fair dealing.

49711.WPD

## XX.

The Defendant's aforementioned delay in properly investigating and making a reasonable and timely determination of compensation for the property damage and failure to properly and promptly pay the insurance claims which were associated with the insurance policy, clearly breached an implied duty of good faith and fair dealing.

## XXI.

These aforementioned breaches by the Defendant is a willful, wanton and malicious wrong and/or were acted with gross and reckless disregard for the insureds' rights. The Defendant should be lawfully and duly punished for its conduct and action in this matter. Punitive damages would be appropriate in this matter to punish the wrong doer and to deter similar misconduct in the future by the Defendant.



## DAMAGES

## XXII.

The Plaintiffs allege the Defendant's acts have caused certain general, specific, and special damages to the Plaintiffs. The Plaintiffs allege that said damages to them are as follows:

A. Fair market value for property damage;

B. Payment of outstanding medical bills past, present & future;

C. Pain and suffering;

D. Future medical bills;

E. Economic loss;

F. Scarring and disfigurement;

G. The highest amount of **PUNITIVE DAMAGES** allowed by law to be determined by

a jury;

H. Any and all other such damages allowable by law as the jury may determine to be just; and

I. Any and all costs associated with bringing this cause of action, a reasonable sum for attorney's fees, together with interest in the total judgment amount at the highest legal rate of interest from the date of judgment, and any and all other relief which this Court deems just and proper.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Nancy Pannell and Ash Pannell, do hereby bring this Complaint and would respectfully pray that this Court would find the Defendant liable for the causes of action as stated herein and any damages resulting therefrom, and that this Court would grant to the Plaintiffs a Judgment in the amount of to be determined by a jury for the general, specific, and special damages requested in this Complaint.

JURY TRIAL DEMANDED

RESPECTFULLY SUBMITTED, this the 28th day of May, 2015.

NANCY PANNELL & ASH PANNELL,
Plaintiffs

By: _____
JASON D. HERRING, MSB# 99096
MICHAEL S. CHAPMAN, MSB# 103227
Attorneys for Plaintiffs

HERRING CHAPMAN, P.A
342 North Broadway Street
Post Office Box 842
Tupelo, Mississippi 38802-0842
Telephone: (662) 842-1617
Fax: (662) 844-4999

49711.WPD

FILED
MAY 28 2015
JOYCE R. LOFTIN, CIRCUIT CLERK
_____ D.C.